Filed 7/1/21  In re Lah. W. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re LAH. W., Persons Coming Under the Juvenile Court Law. | B308445 (Los Angeles County  Super. Ct. No. 20LJJP00064) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LARRY W.,<br><br>Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County, Michael C. Kelley, Judge.  Appeal dismissed.

Emery El Habiby and Elizabeth Klippi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, O. Raquel Ramirez, Deputy County Counsel, for Plaintiff and Respondent.

_____

In this dependency case (Welf. & Inst. Code, § 300 et seq.),[1] Larry W. (Father) challenges the juvenile court's jurisdiction and disposition orders. For the reasons explained below, the appeal is moot, and we dismiss it.

## BACKGROUND

The dependency proceedings at issue in this appeal involve Father, Ivy B. (Mother),[2] and their children Lah.W. (13 years old when these dependency proceedings commenced) and L.W. (eight years old at that time). Two prior dependency proceedings discussed below also included two other children of Father and Mother, who are now adults and not involved in the present matter. As set forth below, one of the prior dependency proceedings also involved a female companion of Father. Mother and Father were married at the time of the two prior dependency cases. Their divorce was final in June 2016.

## I.    Prior Dependency Proceedings

In January 2012, the juvenile court assumed jurisdiction over Father and Mother's four children, based on the following sustained finding under section 300, subdivision (b): "[Mother] and [Father] engaged in a violent altercation in the children's

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Mother is not a party to this appeal.

2

presence on 06/19/2011 resulting in a laceration to the mother's lips and swelling to the mother's face, when the mother was pregnant with the child L[.W.] resulting in a criminal conviction [against Father]. The mother pepper[] sprayed the father. The mother allowed the father to frequent the children's home and have unlimited access to the children. Such violent conduct on the part of the father against the mother and the mother's failure to protect the children places the children at risk of substantial harm."

At disposition, the juvenile court placed the children with Mother, ordering family maintenance services for her, and requiring her to complete a domestic violence program with a support group. The court ordered monitored visitation and reunification services for Father, requiring him to complete a 52-week domestic violence program and comply with the terms of his criminal probation. On February 28, 2013, having found the parents in compliance with its orders, the court terminated dependency jurisdiction, releasing the children to both parents' custody.

In the criminal case, referenced above in the juvenile court's sustained finding, Father was convicted of corporal injury upon Mother and dissuading a witness from reporting the crime. The criminal court placed Father on a three-year probation, ordered him to attend a one-year domestic violence program, and issued an order protecting Mother and the two oldest children (those not involved in this appeal) from Father. In September 2013, the criminal court revoked Father's probation and issued a bench warrant for Father "based on new filing as to defendant

3

against the same victim" (i.e., Mother).[3] On December 3, 2013, Father admitted the probation violation, and his probation was reinstated. The same day, Father was served in criminal court with a 10-year criminal protective order requiring him to have no contact with, and stay away from, Mother. The protective order, which did not even allow for peaceful contact between Father and Mother during exchange of the children, was set to expire on December 3, 2023.

In January 2014, the juvenile court again assumed jurisdiction over Father and Mother's four children, based on the following sustained finding, under section 300, subdivision (b): "On or about 11/04/2013, [Father] engaged in a violent altercation with the father's female companion . . . in which the father grabbed the female companion's neck and brandished a handgun at the female companion's face. The father struck the female companion's head and shoulder with a handgun. The father pushed the female companion onto a bed and caused the handgun to eject a round, causing the round to land on the female companion's lap. The father picked up a television and threatened to strike the female companion with the television. The father threatened to kill the female companion. Such violent conduct on the part of the father against the female companion

---

[3] It is not clear from the record what happened with this "new filing" against Father involving Mother, but there was a referral made to the Los Angeles County Department of Children and Family Services (DCFS) in September 2013 regarding a physical altercation between Father and Mother. DCFS closed the referral as inconclusive after Father, Mother, and their oldest child denied any domestic violence occurred.

4

endangers the children's physical health and safety and places the children at risk of physical harm, damage and danger."

At disposition, the juvenile court placed the children with Mother and ordered family maintenance services for her, requiring her to participate in individual counseling to address case issues. The court ordered monitored visitation and enhancement services for Father (who was incarcerated during the proceedings based on the incident against his female companion), requiring him to complete domestic violence, anger management, and parenting programs.[4] Father and Mother did not comply with their court-ordered case plans, as they did not participate in any services. Notwithstanding that, because Mother was caring for the children appropriately, the court terminated dependency jurisdiction on July 11, 2014, with a final custody order granting Mother sole legal and physical custody of the children. The custody order granted Father only monitored visitation with the children because he had not made substantial progress in any of the court-ordered programs listed above.

Mother petitioned for a divorce from Father. On June 6, 2016, the family law court issued the judgment of dissolution, ordering that custody and visitation remain as set forth in the juvenile court's July 2014 final custody order: sole legal and physical custody of the children to Mother, with monitored visitation for Father.

Father was released from prison in 2017, according to his statements to DCFS in the dependency proceedings before us.

---

[4] In or about January 2014, Father was convicted of assault with a firearm and was sentenced to five years in prison for the incident involving his female companion, described above.

5

## II.     Dependency Proceedings at Issue on Appeal

On October 23, 2020, the juvenile court assumed jurisdiction over Father and Mother's children, Lah.W. and L.W., based on the following sustained finding under section 300, subdivision (b):  "[Mother] and [Father] have a history of engaging in violent physical altercations.  On 11/20/2019, the father threw a glass ashtray at the mother in the children's home.  The mother repeatedly struck the father's face with the mother's fists, causing swelling to the father's eyebrow, in the home [*sic*].  One of the children, or adult siblings intervened and attempted to separate the mother and the father.  The children [Lah.W. and L.W.] and the children's [adult] siblings . . . are prior dependents of the Juvenile Court due to the mother and father engaging in violent physical altercations.  The children and the children's siblings . . . are prior dependents of the Juvenile Court due to the father and the father's female companion engaging in violent physical altercations.  Such violent conduct on the part of the mother and the father and the mother and father's violation of an active restraining order, endanger the children's physical health and safety and place the children at risk of serious physical harm, damage and danger."  The court sustained a nearly identical count under section 300, subdivision (j), except that it states the November 20, 2019 incident occurred in Lah.W.'s presence, and Lah.W. intervened and attempted to separate Father and Mother.[5]

---

[5] For his part in the incident described in these sustained jurisdictional findings, Father pleaded no contest to, and was convicted of, violating the criminal protective order described above.  The criminal court sentenced him to 180 days in jail.

At disposition, the juvenile court declared the children dependents of the court, released them to Mother, and ordered family maintenance services for her. The court removed the children from Father and ordered monitored visitation and reunification services for him. Father's case plan required him to comply with all dependency and criminal court orders, including the still-in-effect criminal protective order requiring him to stay away and refrain from contact with Mother until December 3, 2023; complete a 52-week domestic violence program and a parenting program; and to participate in individual counseling to address case issues, including domestic violence, protective parenting, and effects of violence on children.

Father appealed, challenging the October 23, 2020 jurisdiction and disposition orders against him, described above. On April 26, 2021, during pendency of this appeal, the juvenile court terminated dependency jurisdiction in this matter and issued a final custody order granting sole legal and physical custody of Lah.W. and L.W. to Mother, with monitored visitation for Father—the same custody arrangement that existed before these dependency proceedings were filed. The order did not require Father to participate in any services or place any conditions on his right to monitored visitation.

On May 26, 2021, we requested the parties file supplemental briefing, addressing whether Father's appeal from the October 23, 2020 jurisdiction and disposition orders is moot, based on the juvenile court's termination of dependency jurisdiction and issuance of a final custody order, and whether we

should dismiss this appeal. In response to our request, on June 3, 2021, DCFS filed a motion to dismiss the appeal as moot.[6]

On June 9, 2021, Father filed a supplemental letter brief, asking this court to review the merits of his appeal because (1) domestic violence "is a dynamic issue that is making its way through reviewing courts, breaking new ground in this area of the law," and "it is an issue of broad public importance that will evade appellate review"; and (2) "it is not just mere speculation that there might be a recurrence of the controversy between the parties." On June 17, 2021, Father filed an opposition to DCFS's motion to dismiss this appeal as moot, raising the same two arguments he asserted in his letter brief. In addition, Father argued in his opposition: "[A] material question remains for this Court's determination that impacted the final custody order— whether or not [Father]'s past domestic violence warrants a true finding against him, and whether the juvenile court abused its discretion by requiring him to complete several components of his family reunification case plan, and limited his visitation to supervised visits."

---

[6] Also on June 3, 2021, DCFS filed a request for judicial notice of (1) the juvenile court's April 23, 2021 minute orders terminating dependency jurisdiction in this matter and staying the termination pending counsel's preparation of a final custody order; (2) the juvenile court's April 26, 2021 minute orders, stating the final custody order was received, signed, and filed that date, and the stay was lifted and dependency jurisdiction was terminated; and (3) the juvenile court's April 26, 2021 final custody order described above. We grant DCFS's June 3, 2021, unopposed request for judicial notice.

Father did not appeal from the juvenile court's April 23 and 26, 2021 orders terminating dependency jurisdiction and issuing a final custody order.

## DISCUSSION

For the reasons explained below, we grant DCFS's June 3, 2021 motion to dismiss this appeal as moot.

"A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire which prevent the appellate court from granting any effectual relief." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566.) " 'A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404; *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].) "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot" (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488), because an appellate court typically cannot provide any effective relief under such circumstances. (See *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.) "[D]ismissal for mootness in such circumstances is not automatic, but 'must be decided on a case-by-case basis.' " (*In re C.C.*, at p. 1488.)

In this appeal, Father challenges (1) the jurisdictional findings against him, and (2) the disposition order removing Lah.W. and L.W. from his custody, requiring him to participate in domestic violence and parenting programs, and requiring his visitation with Lah.W. and L.W. be monitored.

9

As to his challenge to the court's jurisdictional findings, the April 23, 2021 exit order has already provided Father the relief he seeks:  an order terminating the court's jurisdiction and concluding the proceedings.  The exit order has also provided Father the relief he seeks through his challenge to the disposition order's case plan requirements, because Father is no longer required to complete a case plan, including domestic violence and parenting programs.

As to Father's challenge to the custody and visitation aspects of the disposition order, reversing the juvenile court's disposition order would not afford Father effective relief, because those same restrictions on custody and visitation appear in the court's April 26, 2021 final custody order, from which Father has not appealed.

Thus, Father's appeal does not provide a means to any of the relief he seeks.

Nevertheless, a dependency appeal may not be moot if the asserted " 'error infects the outcome of subsequent proceedings,' " including "the possibility of prejudice in subsequent family law proceedings." (*In re C.C.*, *supra*, 172 Cal.App.4th at pp. 1488-1489.)  It is inconceivable that the juvenile court's jurisdiction and disposition orders at issue on appeal will prove prejudicial to Father in the future.  This is the third dependency case in which the juvenile court made jurisdictional findings that Father was engaged in a domestic violence incident.  The findings in this case are no more prejudicial to Father than the findings in the prior two cases.  Nor is the court's disposition order denying Father physical custody and unmonitored visits any more prejudicial than the two prior orders to this effect.  The disposition order requiring that Father's visits with Lah.W. and L.W. be monitored

10

is the same order that was in place before these dependency proceedings commenced. The only reason Father was having unmonitored visits with Lah.W. and L.W. before DCFS filed these proceedings is because he was violating the 2017 final custody order requiring that his visits be supervised. Thus, the juvenile court's jurisdictional finding and disposition order will not prejudice Father in dependency or family law proceedings.

Father does not explain why he believes this case presents an issue of public importance, other than that it involves domestic violence. We do not believe a review of the sufficiency of the evidence supporting the jurisdictional findings in this case presents an issue of public importance. Nor do we believe such a review would have any impact upon the future dynamics between Father and Mother.

For these reasons, we dismiss this appeal as moot.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

FEDERMAN, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11